# COURT OF APPEALS OF VIRGINIA

---

**Record No. 0441-25-1**

---

ANDREA FITSCHEN CIPCIC
v.
ERIC MICHAEL HAGEN

---

Present: Judges Malveaux, Friedman and Lorish

Argued at Norfolk, Virginia

Opinion Issued July 28, 2026[*]

---

**FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE**
Andrew D. Kubovcik, Judge

Steven W. Fitschen for appellant.

David C. Reinhardt (Andrew K. James, Guardian ad litem for the minor child; Reinhardt Vandenbrook, PLLC; Andrew K. James, P.C., on brief), for appellee.

---

**MEMORANDUM OPINION BY
<u>JUDGE LISA M. LORISH</u>**

Andrea Fitschen Cipcic argues that the circuit court erred by dismissing as untimely her appeal from an order modifying custody and visitation that was entered in the Juvenile and Domestic Relations District Court of the City of Chesapeake. Cipcic asserts that she relied on the clerk's office for the date of the final order and that she never received a timely copy of the final order due to an error in her counsel's email address. She contends that the circuit court should have granted leave, under Code § 8.01-428(B), for the JDR court to amend the final order's entry date. While a court may use the authority in Code § 8.01-428(B) to "correct mistakes of the clerk or other court officials, or to settle defects or omissions in the record so as to make the record show what actually took place," a court may not create a "fiction" that an

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

event occurred on a different date than "the time of the actual event, or to make the record show that which never existed." *Hackett v. Commonwealth*, 293 Va. 392, 400 (2017) (quoting *Council v. Commonwealth*, 198 Va. 288, 293 (1956)). Thus, we affirm the circuit court's judgment.

BACKGROUND[1]

"We view the evidence, and reasonable inferences fairly deducible therefrom, in the light most favorable to [the] father, the prevailing party before the trial court." *Rainey v. Rainey*, 74 Va. App. 359, 368 n.1 (2022).

Cipcic and Eric Michael Hagen are the biological parents of the minor child whose custody is the subject of this appeal. In 2024, Hagen moved to modify custody and visitation in the JDR court. Steven Fitschen represented Cipcic during the proceedings. Barry and Jordan Hodge (the Hodges) joined Fitschen as co-counsel.

After a hearing, the JDR court awarded Hagen primary physical custody of the child. The JDR court ordered Hagen's counsel to draft and circulate an order consistent with its ruling. The drafted order included only Fitschen as Cipcic's counsel (omitting the Hodges) and misspelled Fitschen's email address in the signature block. Fitschen endorsed the draft order "Seen and obje[c]ted to." On October 8, 2024, the JDR court entered the final order.

Cipcic noted her appeal to the circuit court on October 21, 2024, 13 days after the JDR court entered its final order. Hagen moved to dismiss the appeal in circuit court, arguing that Cipcic failed to note her appeal within the statutory ten-day period. Code § 16.1-296(A). In response, Cipcic asserted that "incorrect information provided to her attorney" disadvantaged her and caused her notice of appeal to be filed late. Cipcic asked the circuit court, under Code

---

[1] "To the extent that this opinion discusses facts found in sealed documents in the record, we unseal only those facts." *Brown v. Va. State Bar ex rel. Sixth Dist. Comm.*, 302 Va. 234, 240 n.2 (2023).

§ 8.01-428(B), to give leave for the JDR court to amend the final order's date of entry to October 18, 2024, rendering her notice of appeal timely.

Fitschen filed an affidavit in support of Cipcic's motion, declaring that he had called the JDR court clerk's office "on October 9 or 10," and was told that the final custody order had not yet been entered. Later, two employees in the clerk's office advised Fitschen that the final order was entered on October 18, 2024, rather than the actual date of entry on October 8. Fitschen learned that the clerk's office had attempted to email a copy of the final order to him on October 15, 2024, but he never received it because it misspelled his email address, and his co-counsel, the Hodges, were omitted as recipients.[2] Cipcic provided a copy of the email, in which the clerk's office used the incorrect email address listed in Fitschen's signature block in the draft order.

After considering the evidence and argument, the circuit court concluded that Code § 8.01-428(B) did not "apply to this matter as the facts have come out." The circuit court found that Cipcic noted her appeal late under Code § 16.1-296(A) and dismissed the case for lack of jurisdiction. Cipcic appeals.

ANALYSIS

We review questions of a court's jurisdiction de novo. *Johnson v. Johnson*, 72 Va. App. 771, 777 (2021). A party may appeal to the circuit court "[f]rom any final order or judgment of the [JDR] court" if the appeal is taken "within 10 days from the entry of a final judgment, order, or conviction." Code § 16.1-296(A). In "appeals from courts not of record, 'we have in clear, unequivocal, and emphatic language repeatedly said that "[t]he right of appeal is statutory and

___

[2] Hagen's counsel later informed Fitschen of the order's actual date of entry and advised that Hagen would move to dismiss Cipcic's appeal as untimely. Hagen's counsel subsequently forwarded Fitschen the October 15 email from the clerk's office, along with a copy of the final custody order.

- 3 -

the statutory procedural prerequisites must be observed."'" *Robert & Bertha Robinson Family, LLC v. Allen*, 295 Va. 130, 144 (2018) (alteration in original) (quoting *Covington Virginian, Inc. v. Woods*, 182 Va. 538, 543 (1944)). "Failure to comply with the rules governing appeals precludes" the circuit court's exercise of jurisdiction over the JDR court's final judgment. *Blevins v. Prince William Cnty. Dep't of Soc. Servs.*, 61 Va. App. 94, 101 (2012).

The JDR court entered its final custody order on October 8, 2024. Under Code § 16.1-296(A), Cipcic had until October 18, 2024 to note her appeal to the circuit court. But she did not note her appeal until October 21, 2024, leaving the circuit court without jurisdiction to consider the matter. *Blevins*, 61 Va. App. at 101.

Cipcic points out several reasons why her late appeal should be excused. First, she notes that the clerk's office incorrectly told her counsel that the order was entered on October 18, instead of October 8. Second, she contends that, because the clerk's office sent the copy of the final order to an incorrect email address, her counsel never received the order. Cipcic has not raised a due process argument and has instead only argued that the JDR court should have been given leave to amend the date of the final order under Code § 8.01-428(B). That provision states:

> Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order. During the pendency of an appeal, such mistakes may be corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending such mistakes may be corrected with leave of the appellate court.

Code § 8.01-428(B).

Generally, trial courts lose jurisdiction over "[a]ll final judgments, orders, and decrees" 21 days after the date of entry. Rule 1:1. But "the general rule may be superseded by a statute in which the General Assembly expresses its intent that courts retain jurisdiction," and Code

§ 8.01-428 is such a statute. *Belew v. Commonwealth*, 284 Va. 173, 177 (2012). Subsection B of this statute permits a court to enter an order nunc pro tunc "to correct the court's records so that they speak the truth." *Jefferson v. Commonwealth*, 269 Va. 136, 140 (2005). "The purpose of a nunc pro tunc order entry is to correct mistakes of the clerk or other court officials, or to settle defects or omissions in the record so as to make the record show what actually took place." *Hackett*, 293 Va. at 400 (quoting *Council*, 198 Va. at 293). But a court may not use this relief to create a "fiction" that an event occurred on a different date than "the time of the actual event, or to make the record show that which never existed." *Id.* (quoting *Council*, 198 Va. at 293).

On appeal, Cipcic contends that the final JDR order contained several clerical errors that it should have had a chance to fix after it otherwise lost jurisdiction over the matter: 1) the misspelling of Fitschen's email address; 2) the omission of the Hodges as recipients on the email; 3) the failure to resend the email to Fitschen; and 4) the verbal misrepresentation by the JDR clerk's staff of when the order was entered. Assuming the JDR order did contain all these errors, Cipcic only moved the circuit court to grant leave for the JDR court to amend the date on the order[3]—to a date other than the date when the order was actually entered. This would not be correcting the order to reflect "what actually took place" but creating a "fiction." Code § 8.01-428(B) does not permit a court "to vacate and reenter a final decree for the sole purpose of extending the filing deadline upon the realization that the parties were not timely notified of the decree's entry."[4] *Zhou v. Zhou*, 38 Va. App. 126, 136 (2002). This is true even if the clerk's

---

[3] While an appellate court may grant leave for a trial court to correct an error under Code § 8.01-428(B), the trial court would still need to determine whether there was such an error.

[4] The legislature has created an exception for when a party is not notified that a circuit court order was entered, Code § 8.01-428(C), but (as Cipcic concedes), this provision does not cover a JDR court. Whether the exception should be expanded to cover circumstances like this one is a question for the legislature. *See Town of Leesburg v. Giordano*, 276 Va. 318, 323

office misrepresented the date of entry. *See Hill v. Hill*, No. 1606-19-1, 2021 Va. App. LEXIS 208 (Nov. 16, 2021).[5] Our Supreme Court has explained that "one who takes the shortcut of asking the clerk's employees to examine the record for him relies on the response at his peril." *Sch. Bd. of City of Lynchburg v. Caudill Rowlett Scott, Inc.*, 237 Va. 550, 556 (1989). Accordingly, the circuit court correctly held that Code § 8.01-428(B) did not authorize the JDR court to modify the date of entry to make Cipcic's notice of appeal timely.

Cipcic argues that *Belew v. Commonwealth*, 284 Va. 173 (2012), expanded the scope of Code § 8.01-428(B), necessarily superseding and effectively overturning several of the cases cited above. In *Belew*, a court reporter failed to timely prepare and file a hearing transcript "because of an error in the trial court's case management system." 284 Va. at 179. The Supreme Court held that the court reporter's failure to timely file the transcript was an "inadvertent omission" and "oversight" under Code § 8.01-428(B) such that the circuit court "retained statutory authority to correct the record" and make the late-filed transcript "part of the record on appeal." *Id.* at 179-81.

*Belew* did not authorize the creation of a false document—instead, it allowed the late-filing of an accurate document. While the dissent argued that this was nevertheless an expansion of Code § 8.01-428(B) that was not supported by the text of the same, the majority opinion carefully cabined the decision to a court reporter's inadvertent action, noting that there were no jurisdictional issues at stake with the deadline to file a transcript. *Id.* at 178-79. By contrast, and relevant here, *Belew* made clear that, "the filing of the petition [for appeal] is jurisdictional, and

<hr/>

(2008) ("[C]ourts cannot add language to the statute the General Assembly has not seen fit to include, and neither are they permitted to accomplish the same result by judicial interpretation.").

[5] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 572 n.7 (2018) (quoting *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012)); Rule 5A:1(f).

if the appellant fails to file on time, the appeal is dismissed." *Id.* at 179.[6] Thus, *Belew* does not open the door to using Code § 8.01-428(B) to create false documents to get around the notice of appeal requirement. Here, Cipcic sought to amend a final order to create a legal fiction of the date on which the JDR court entered its judgment in order to bypass the jurisdictional requirement for a timely appeal, and we remain bound by clear precedent prohibiting Cipcic from relying on Code § 8.01-428(B) to amend the date a final order was entered. *Hackett*, 293 Va. at 400; *Sch. Bd. of City of Lynchburg*, 237 Va. at 555-57.[7]

Hagen requests an award of attorney fees and costs incurred in this appeal. "Such awards are governed by Rule 5A:30." *Sobol v. Sobol*, 74 Va. App. 252, 290 (2022). "In determining whether to make such an award, this Court is not limited to a consideration of whether a party's position on an issue was frivolous or lacked substantial merit but may consider all the equities of the case." Rule 5A:30(b)(2)(C). "Thus, unlike our review of attorney fee awards made by trial courts, the question of attorney fees on appeal is committed to our discretion based upon our consideration of all of the pertinent facts and circumstances." *Sobol*, 74 Va. App. at 290. Having thoroughly reviewed the record on appeal, we decline to award attorney fees in this matter.

---

[6] Cipcic suggests that other decisions have signaled that the Supreme Court did broaden the scope of curable clerical errors under Code § 8.01-428(B), pointing to *Rose v. Jaques*, 268 Va. 137 (2004), and *Collins v. Shepherd*, 274 Va. 390 (2007). But in those appeals, the Supreme Court specifically declined to address the applicability of Code § 8.01-428(B), resolving both cases on other grounds. *Rose*, 268 Va. at 147; *Collins*, 274 Va. at 395 n.3. Thus, these decisions did not overturn or otherwise modify existing precedent governing the proper scope of Code § 8.01-428(B).

[7] If we disagree that these cases have been superseded, Cipcic asks us to reverse these holdings by the Supreme Court. Cipcic correctly acknowledged that "'we are bound by decisions of the Supreme Court of Virginia and are without authority to overrule' them." *Everett v. Carome*, 65 Va. App. 177, 188 (2015) (quoting *Roane v. Roane*, 12 Va. App. 989, 993 (1991)). Thus, she makes this argument only to preserve the issue for further review by the Supreme Court.

CONCLUSION

For all these reasons, the circuit court's judgment is affirmed.

*Affirmed.*